**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDRIDGE PAYNE, | No. 11-55501 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-00193-JST-AN |
| v. | |
| COUNTY OF ORANGE; BRAD L. GATES; MICHAEL S. CARONA; HARALD BAELLA; VON MUSE; JOSEPH ANTHONY BULL; BUFFONG, Deputy, #6805; PEDRO PEREZ-ESTRADA; TIM HORNER; ARCHAMBAULT, Deputy, #2656, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted July 10, 2012
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District Judge.[**]

Eldridge Payne ("Payne") appeals the district court's grant of summary judgment in favor of the County of Orange ("County") in his 42 U.S.C. § 1983 ("§ 1983") action against the County alleging that in 2007, when Payne was an inmate of the County Men's Central jail, he was brutally beaten by other inmates and paralyzed from the waist down. He alleges that the deficient policies and customs of the County Sheriff's Department caused or contributed to the violence he suffered at the hands of other inmates and deprived him of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in refusing to consider: (1) the County District Attorney's Investigative Report from the 2007 Special Criminal Grand Jury Inquiry into the death of John Derek Chamberlain; and (2) the Declaration of Ronnie Williams, a former Chief of the Los Angeles County Sheriff's Department. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) (holding that "abuse of discretion is the proper standard of review of a district court's evidentiary rulings"); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (the district court's exclusion of evidence in a summary judgment

---

[**] The Honorable Dee V. Benson, United States District Judge for the District of Utah, sitting by designation.

motion is reviewed for abuse of discretion and the district court's ruling must be affirmed unless the "evidentiary ruling was manifestly erroneous *and* prejudicial." (emphasis in original)); *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1507 (9th Cir. 1992) (holding that the district court's evidentiary rulings did not constitute abuse of discretion because "[a]lthough reasonable minds could have reached different conclusions, the district court's rulings [were] not manifestly erroneous"). Consequently, because the district court's evidentiary rulings in this case were not manifestly erroneous, there was no abuse of discretion.

Without the findings of the Investigative Report or the unsupported opinions of Payne's expert, Payne fails to raise an issue of material fact as to whether the practices or customs of the County Sheriff's Department deprived him of his Fourteenth Amendment constitutional right to protection from assault by other inmates and he similarly fails to meet the "deliberate indifference" requirement necessary to establish a § 1983 claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) ("[T]o establish [§ 1983] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation." (quoting *Van Ort v.*

*Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996))).  The district court did not

err in granting summary judgment for the County.

**AFFIRMED.**